UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHEL MONETTE                                                    CIVIL ACTION

VERSUS                                                                       NO. 24-798-SDD-RLB

THE PROCTOR & GAMBLE MANUFACTURING
COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 10, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHEL MONETTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-798-SDD-RLB** |
| **THE PROCTOR & GAMBLE MANUFACTURING COMPANY, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 18). The motion is opposed. (R. Docs. 21, 26).

**I.    Background**

On or about August 21, 2024, Rachel Monette on behalf of her minor son K. H. ("Plaintiff"), initiated this personal injury action against The Procter & Gamble Manufacturing Company and Procter & Gamble Distributing, LLC (collectively, "Defendants") in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. (R. Doc. 1-2, "Petition"). Plaintiff alleges that she washed K.H.'s pajamas using a Tide Pod manufactured by Defendants, dressed him in the pajamas for the night, and then, the following morning, noticed that the shirt stuck to K.H.'s skin when she tried to remove it the following morning. (Petition ¶¶ 3-7). Plaintiff alleges that she took K.H. "to the emergency room where it was discovered that the Tide Pod used to wash his laundry was stuck to the inside of his shirt causing a second-degree chemical burn to his chest."  (Petition ¶ 8). Based on the foregoing, Plaintiff seeks recovery for, among other things, "severe and permanent physical pain and suffering, loss of enjoyment of life, anxiety, embarrassment, humiliation, and medical expenses," future damages including nerve damage, and punitive damages. (Petition ¶¶ 13-15, 20-22).

On September 25, 2024, Defendants removed this action asserting that the Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). The Court then issued an order requiring Defendants to submit additional information to establish that the diversity requirement is satisfied. (R. Doc. 12). The Amended Notice of Removal states that the amount in controversy is facially apparent given the allegations in the Petition and that the parties are diverse because Plaintiff is a citizen of Louisiana and Defendants are citizens of Ohio. (R. Doc. 14).

On October 25, 2024, Plaintiff filed the instant Motion to Remand, arguing that the Court lacks diversity jurisdiction in this action because Defendants have not established that the jurisdictional minimum is satisfied. (R. Doc. 18). In short, Plaintiff argues that the amount in controversy is not facially apparent and Defendants have not otherwise proven, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. (R. Doc. 18-1 at 2-5). In addition to remand, Plaintiff seeks recovery of costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c). (R. Doc. 18-1 at 5-6).

Defendants opposed the Motion to Remand by arguing that the amount in controversy is facially apparent because the Petition involves injuries involving a minor child, Plaintiff alleges severe injuries involving pain and scarring, Plaintiff has sought punitive damages, and Plaintiff is seeking a jury trial. (R. Doc. 21 at 1-3). Defendants argue that juries in certain jurisdictions have awarded significant punitive damages involving burns and wrongful deaths to minor children, further noting that Plaintiff has not stipulated that the damages sought are less than the jurisdictional amount. (R. Doc. 21 at 3, n.4). If the Court concludes that Defendants have not met their burden to establish the jurisdictional amount, then Defendants seek the opportunity to conduct limited jurisdictional discovery. Finally, Defendants argue that the request for costs and

2

attorney's fees must be denied, even if remand is granted, because the removal was objectively reasonable. (R. Doc. 21 at 3).

Defendants have also submitted a Supplemental Response arguing that the jurisdictional amount is further satisfied in light of Plaintiff's post-removal settlement demand. (R. Doc. 26). In the attached December 23, 2024 settlement demand, which seeks payment of $200,000, Plaintiff states that K.H. "was diagnosed with having 1st and 2nd degree chemical burns from the toxic effects of corrosive alkali-like substances" and was treated with antibiotics for a total of $596.07 in medical expenses. (R. Doc. 26-1).

## II.     Law and Analysis

### A.     Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins.*

3

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("[P]arty seeking to invoke federal diversity jurisdiction bears the burden of [proof]" ); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required, if applicable, to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000. If not, the Court will then look to the facts in controversy that may support a finding of the jurisdictional minimum.

B.    **Whether the Amount in Controversy is Facially Apparent**

Consistent with state law, Plaintiff did not demand recovery of a specific amount in the Petition. Instead, Plaintiff alleged broad categories of damages including physical pain and suffering, loss of enjoyment of life, anxiety, embarrassment, humiliation, and medical expenses.

In opposition to the Motion to Remand, Defendants argue "any claim for pain and suffering, permanent injuries, and scarring to a minor child, alleged to be caused by a defendant's defective product, that is to be presented to a jury de facto puts more than $75,000 at issue." (R. Doc. 21 at 1). In support of this argument, Defendants solely refer to a news article reporting on a recent Florida case in which an unusually large sum of damages ($800,000) was awarded by a jury to the parents of a minor child for burn injuries caused to the child by chicken nuggets contained in her McDonald's Happy Meal. (R. Doc. 21 at 3 n .4). Defendants do not explain how the particular circumstances in that case decided under Florida law pertain to the amount in controversy in this case.[1]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without

---

[1] Defendants also rely on a news article in which a Louisiana jury awarded $129 million in damages where a minor was killed by a car near her school. (R. Doc. 21 at 3 n.4). The tragic events in that action have no similarities to the facts of this case. As discussed below, there are numerous decisions in Louisiana involving second degree burns that support a finding that the amount in controversy requirement is not facially apparent. The Court rejects Defendant's general, vague, and conclusory proposition that the "present litigation landscape" requires a finding that the amount in controversy requirement is satisfied in this case or that the Court should adopt a new "rebuttable presumption" standard. (*See* R. Doc. 21 at 3 and n.4).

5

any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Here, the Petition alleges that K.H. suffered second-degree chemical burns as a result of the incident. There are no allegations that K.H. required a hospital stay or surgery. Similar cases in Louisiana courts involving second-degree burns have not resulted in recovery over the federal jurisdictional amount. For example, a Louisiana appellate court affirmed an award of $15,000 in general damages when the parents of a three-year-old boy brought a negligence action and claims under the Products Liability Act against a restaurant after their three-year-old child suffered "severe second-degree burns" caused by spilled tomato sauce. *Lavergne v. America's Pizza Company, LLC*, 838 So.2d 845, 849 (La. 3rd Cir. 2003). In another products liability case, the plaintiff was awarded only $20,000 in general damages despite suffering "first and second degree burns on both his legs from the knee down[,] including the ankle areas[,]" when helping to pour concrete at his parents' home. *Jowers v. Commercial Union Ins. Co.*, 435 So.2d 575, 579 (La. 3rd Cir. 1983). The *Jowers*

6

plaintiff required 19 days of hospitalization, surgery, painful treatments, and suffered "permanent scarring of the legs." *Id.* Other decisions involving second-degree burns also support a finding that the available recovery in this action is well below the jurisdictional amount. *See*, *e.g.*, *Flint v. Trolley Stop*, 843 So.2d 640 (La. 4th Cir. 2003) (affirming award for $15,000 in general damages for second-degree burns to plaintiff's hand, groin areas, and abdomen requiring two-day hospital admission resulting from hot coffee spill); *Bonnet For and on Behalf of Bonnet v. Slaughter,* 422 So.2d 499, 502 (La. 4th Cir. 1982) (affirming $5,018.50 awarded to parent on behalf of minor child for second degree burns received while under nursery care); *see also Tran v. Starbucks Corp.,* No. 22-2828, 2022 WL 16921700, at *3 (E.D. La. Nov. 14, 2022) ("[F]acts indicating plaintiff suffered second-degree burning from which he is almost completely healed do no demonstrate an amount in controversy exceeding $75,000.").

Defendants also suggest that Plaintiff's request for a jury trial in the Petition supports a finding that the amount in controversy requirement is satisfied. The Court disagrees. At most, Plaintiff's request for a jury trial only supports a finding that Plaintiff is seeking to recovery at least $10,000.[2] Even when the threshold for seeking a jury in Louisiana courts was $50,000, a jury request would not necessarily support a finding that the amount in controversy was facially apparent. *See Wehrlin v. James River Ins. Co.*, No. 20-3290, 2021 WL 1100794, at *1 (E.D. La. Mar. 23, 2021) ("[T]he Court concludes that at the time of filing this case, it was not facially apparent that the amount in controversy exceeded $75,000 – only that it was $50,000 or more."). The current $10,000 threshold for a jury trial does not support a finding that the amount in controversy requirement is satisfied in this particular action.

---

[2] "As of January 1, 2021, the jury trial threshold in Louisiana state courts is $10,000." *Myers v. Walmart Inc.*, No. 21-02618, 2022 WL 2682109, at *1, n.1 (W.D. La. June 10, 2022), *report and recommendation adopted*, 2022 WL 2679603 (W.D. La. July 11, 2022) (citing La. Code Civ. Proc. art. 1732. 2020 La. Sess. Law Serv. 1st Ex. Sess. Act 37 (H.B. 57)).

Finally, Defendant appears to argue that Plaintiff's failure to stipulate in the Petition that the federal jurisdictional amount is not satisfied supports a finding that the jurisdictional amount is met.[3] The lack of a binding stipulation in the Petition that the $75,000 threshold is not met "is insufficient, without more, to support a finding that the amount in controversy is facially apparent." *Edwards v. Walmart Louisiana, LLC*, No. 20-669, 2020 WL 7961648, at *4 (M.D. La. 2020), *report and recommendation adopted*, 2021 WL 41072 (M.D. La. 2021) (citing *Lowe v. State Farm Fire & Cas. Co.*, 2008 WL 906311, at *2 (E.D. La. 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.")); *see also Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150 (M.D. La. 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."). Given the record in this action, the lack of a stipulation regarding the federal jurisdictional amount (or any other specific allegations regarding the federal jurisdictional amount) in the Petition does not support a finding that the jurisdictional amount was met at the time of removal in this case.

    **C.    Whether the Removing Defendants Have Established that the Amount in Controversy is Satisfied**

Because the amount in controversy is not facially apparent, the Court will consider whether Defendants have set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum. In their supplemental

---

[3] Defendants do not submit any evidence outside of the pleadings that Defendants specifically requested a stipulation regarding the amount in controversy, and Plaintiff refused to provide such a stipulation. Accordingly, the Court interprets Defendants' argument as suggesting that Plaintiff's failure to include a stipulation in the Petition that the federal jurisdictional amount was not satisfied supports a finding that the jurisdictional amount is, in fact, satisfied.

response, Defendants submit Plaintiff's post-removal settlement demand for $200,000 as evidence that the jurisdictional amount is satisfied. (*See* R. Doc. 26-1).

This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995).[4] While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 Fed. App'x. 226 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F. 3d 908 (5th Cir. 2002); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).

That said, the Fifth Circuit has made it clear that a post-removal settlement demand "is immaterial to our determination whether her claims exceed $75,000 for the purpose of establishing federal diversity jurisdiction." *Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226 (5th Cir. 2002)

---

[4] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Leonard v. Sentry Select Ins. Co.*, No. 15-675, 2016 WL 1393382 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1369397 (M.D. La. Apr. 6, 2016) (denying remand where the plaintiff demanded $215,000 in pre-removal settlement demand and $72,500 in post-removal settlement demand); *Kimble v. Am. First Ins. Co.*, No. 14-67, 2014 WL 1761556 (M.D. La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03-1900, 2003 WL 22038371, at *3 (E.D. La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2-3 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.*, No. 08-385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37).

(citing *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000)). In short, the post-removal settlement demand in this action – even though it seeks a payment of $200,000 – does not establish that the jurisdictional amount is satisfied. Even if the Court considered the post-removal settlement demand, it would be fair to conclude that the demand for $200,000 is not an honest assessment of Plaintiff's claims given that the incurred medical expenses at issue were **only $597.07** at the time of removal and treatment consisted of the application of antibiotic creams and gauze dressing. (*See* R. Doc. 26-1 at 2). Indeed, Defendants acknowledge that the settlement demand was made after removal, and, "except for the passage of time, the circumstances in the case are no different than when the case was removed," and the settlement demand is otherwise based on the same information available at the time of removal. (R. Doc. 26 at 2).

### D.     Jurisdictional Discovery

Based on the foregoing, the Court concludes that Defendants have failed to meet their burden of establishing that the amount in controversy requirement is satisfied.

Defendants nevertheless seek the opportunity to conduct limited jurisdictional discovery. (R. Doc. 21 at 3). Defendants argue that given the most recent medical records provided by Plaintiff are from September of 2023, further limited jurisdictional discovery will reveal additional medical records generated since that time, thereby establishing the required jurisdictional amount. This request for jurisdictional discovery highlights the fact that Defendants improvidently removed this action prior to obtaining any evidence in support of the jurisdictional amount.

As discussed above, when removal is challenged, the removing defendant has the burden of establishing facts that would show, by a preponderance of the evidence, that the amount in controversy has been satisfied. *Luckett*, 171 F.3d at 298. Defendant is now seeking a stay of remand to allow for jurisdictional discovery, which "is effectively a request for the court to

10

presume it has jurisdiction until proven otherwise." *Hopkins v. Crown Associates, LLC*, No. 18-585, 2018 WL 8496020, at *7 (M.D. La. Oct. 25, 2018). Although Plaintiff may be in a better position to provide Defendants with information regarding the amount of damages and extent of injury, "that such information is at [plaintiff's] disposal does not absolve a removing party from its responsibility of discovering that information *prior to* removal so it may properly support its assertion that federal subject matter jurisdiction exists." *Id.* "Significantly, the Fifth Circuit has repeatedly stated that 'protective' removals are disfavored and has established timing rules that would have allowed Defendants to engage in discovery regarding the amount in controversy *prior* to removal." *Id.* (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992)).

Here, the amount in controversy was not facially apparent at the time of removal. Defendants should have clarified any ambiguity regarding whether the jurisdictional amount was met *prior* to removal. Given the record, Defendants have not set forth grounds to allow for jurisdictional discovery.

### E. Plaintiffs' Request for Costs and Expenses

Plaintiff requests that Defendants bear all costs and fees incurred regarding the filing of the Motion to Remand. (R. Doc. 18-1 at 5). In opposition, Defendants argue that the removal was objectively reasonable. (R. Doc. 21 at 3).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined

11

that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Although Defendants have not met their burden of establishing that the amount in controversy is satisfied, the Court concludes that the removal of this action was not objectively unreasonable. The injured party is a minor who allegedly suffered chemical burns. The petition seeks a trial by jury and does not include any general allegation regarding federal jurisdiction as required by Louisiana Code of Civil Procedure Art. 893. While the Court concludes that the record does not establish that the jurisdictional amount is satisfied, Defendants had an objectively reasonable basis for seeking removal.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 18) be **GRANTED**, and this action be **REMANDED** to the 19th Judicial District, East Baton Rouge Parish, Baton Rouge.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on March 10, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**